## AUGUSTUS L. SARGENT
### v.
## WILLIAM S. McGUIRE.

*Real Property—Contract for—Sale of—Execution of by Agent—Verbal Authority—Recording of Contract—Bill to Remove Cloud.*

In the case presented, a contract for the sale of real estate was executed by an agent, acting under parol authority; the vendor subsequently refused to complete the transaction, whereupon the contract was recorded; this court holds that, under the circumstances of the case, a bill to remove the cloud from the vendor's title was properly sustained.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. H. S. MECARTNEY and H. A. CRAVENER, for appellant.

Messrs. KING & GROSS, for appellee.

WATERMAN, P. J. One Warren F. Pitney, a real estate agent, obtained permission from appellee to sell certain real estate belonging to appellee for $55 per foot net. Thereupon Pitney made, in the name of appellee, a written contract with appellant for the sale of such real property to him, appellant, and received from appellant $100. Pitney afterward showed the contract to appellee, and handed to him $50; he also gave to him a copy of the contract. The contract was signed by

Sargent v. McGuire.

Pitney as agent.  Appellee refused to sign any receipt for the money, or to sign or authorize any one to sign a contract; he also refused to agree to pay any commissions, and Pitney said that appellant would pay the commissions if he, appellee, would take $55 a foot.  An abstract of title was furnished by appellee.  The time limited in the written paper, signed by Pitney, for closing the matter up, was fifteen days.  Seventeen days after the paper was given, appellant tendered to appellee $1,006 and a note and mortgage for deferred payments, at the same time demanding a deed.  Appellee refused to go on with the transaction.  Appellant then placed the paper signed by Pitney on record; whereupon appellee filed a bill to remove the cloud thus cast upon his title.  Before filing his bill, appellee offered to return the $50 he had received and upon the hearing renewed this offer, including therewith an offer to pay the court costs up to that time.  Appellant declined these offers.  The court, by its decree, set aside and removed the cloud cast upon the title of appellee.

The contention of appellant is, that appellee having, as it is insisted, violated his verbal promise, a court of equity should not afford him any relief; it is also insisted that it was error to grant the relief prayed, except upon condition that appellee refund to appellant the $100 received by Pitney.  We see no sufficient reason for interfering with the decree of the Superior Court.  Pitney, who was really acting as the agent of appellant, to purchase this property, knew from the beginning that appellee would not bind himself in any way; he would merely make a verbal arrangement.  He offered to return all the money he received, and we see no reason why he should pay to appellant money which Pitney received and so far as appears, still has.  The paper received by appellant, did not purport to be signed by appellee, and we do not think appellant could have been misled in this matter.  The decree does not purport to discharge appellee from any obligation he may be under in respect to the money deposited by appellant; it merely removes a cloud created by appellant, and which ought never to have existed.

The decree of the Superior Court is affirmed.

*Decree affirmed.*